UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARCICIO NOE CAMPOS,

    Plaintiff,

v.

LASON MEDICAL PILL LINE NURSE, et al.,

    Defendants.

Case No. 25-cv-03403 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state inmate currently confined at the Correctional Training Facility ("CTF"), filed a civil rights complaint under 42 U.S.C. § 1983 against a nurse at CTF, the "CDCR Gov't Claim Office 'Insurers,'" and the CTF Medical Department.[1]  Dkt. No. 6 at 2.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. No. 13.

## DISCUSSION

**A.**    <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was reassigned to the undersigned on May 13, 2025.  Dkt. No. 15.

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on January 30, 2024, at 7:00 a.m., the pill nurse forced him to take medication that he did not recognize and that he tried to refuse.  Dkt. No. 6 at 3.  Later that day, Plaintiff went "man down" due to side effects from that medication, ended up hospitalized, and almost lost his life.  *Id.*  Plaintiff alleges that he suffered due to the nurse's "medical negligence and malpractice" and her failure to follow proper procedures.  *Id.*  Plaintiff seeks damages and injunctive relief against the pill line nurse.  *Id.* at 6.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  However, liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against the pill line nurse for deliberate indifference to serious medical needs for forcing Plaintiff to take the wrong medication despite his informing her that he did not recognize it.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendments proscription against cruel and unusual punishment).  But this action cannot proceed solely against this "Jane Doe" defendant.  Because this is a *pro se* matter, this case cannot proceed solely against a Doe defendant as the United States Marshal Service cannot effect

2

service on the Doe defendant. *Cf. Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that use of John Doe to identify a defendant is not favored though noting that there are instances where plaintiff should be given opportunity to identify the defendants through discovery). Plaintiff is advised to submit a Form 22 or request information under the California Public Records Act to determine the pill nurse's identity to prepare an amended complaint that identifies her by name.

Defendant "CDCR Gov't Claim Office 'Insurers'" likely refers to the California Department of General Services ("DGS") who denied Plaintiff's tort claim regarding this incident. Dkt. No. 6 at 11-12. However, the DGS did not violate the Eighth Amendment because the denial of Plaintiff's state tort claim did not expose him to substantial risk of serious harm as the incident had already taken place. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate risk). Accordingly, this Defendant shall be dismissed from this action with prejudice as Plaintiff fails to state a cognizable claim against the DGS and this deficiency cannot be corrected by an amendment.

Defendant CTF Medical Department should also be dismissed from this action because there is no section 1983 liability simply because an entity supervised or employed the wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under section 1983); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984) (no 1983 claim unless alleged deprivation resulted from custom or policy for which the supervisor is responsible). If Plaintiff wishes to pursue a claim against the CTF Medical Department, he may only do so by stating a municipality claim. Local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where an official policy or custom causes a

constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).[2] To state such a claim, a plaintiff must allege: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhil*l, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff shall be granted leave to amend to attempt to state a *Monell* claim against the CTF Medical Department.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The claim against Defendant "CDCR Gov't Claim Office 'Insurers'" is DISMISSED with prejudice for failure to state a claim for relief. The Clerk shall terminate this Defendant as well as all other Defendants listed on the Docket except for "Medical Pill Line Nurse" and "CTF Soledad Medical Department," who are the only other Defendants named in the complaint. Dkt. No. 2.

2. In all other respects, the complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 25-cv-03403 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint

---

[2] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690.

4

supersedes the original complaint, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in this matter being dismissed for failure to state a claim for relief without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:  __August 18, 2025_____**

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.25\03403Campos_dwlta