1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11    TARCICIO NOE CAMPOS,

Plaintiff,

12

13          v.

14    LASON MEDICAL PILL LINE
      NURSE, et al.,

15

16                    Defendants.

17

Case No. 25-cv-03403 BLF (PR)

**ORDER OF SERVICE; DIRECTING
DEFENDANT TO FILE
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION; INSTRUCTIONS TO
CLERK**

18         Plaintiff, a state inmate currently confined at the Correctional Training Facility

19    ("CTF"), filed a civil rights complaint under 42 U.S.C. § 1983 against a nurse at CTF, the

20    "CDCR Gov't Claim Office 'Insurers,'" and the CTF Medical Department.[1]  Dkt. No. 6 at

21    2.  The Court dismissed the complaint with leave to amend for Plaintiff to correct various

22    deficiencies in the pleading.  Dkt. No. 13.  Plaintiff filed an amended complaint.  Dkt. No.

23    14.  For the reasons discussed below, the amended complaint is dismissed with prejudice.

24

25                              **DISCUSSION**

26    A.    **Standard of Review**

27

28    _____

[1] The matter was reassigned to the undersigned on May 13, 2025.  Dkt. No. 15.

United States District Court
Northern District of California

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff alleges that at CTF on January 30, 2024, at 7:00 a.m., Defendant Rhoda Binuluan, LVN, gave him medication which he did not recognize. Dkt. No. 23 at 3. Despite informing her that he did not recognize it, he took the medication at her direct order. *Id.* Subsequently, Plaintiff became so ill that he had to be taken to an outside hospital due to side effects. *Id.* The hospital staff informed Plaintiff that he almost lost his life. *Id.* Plaintiff seeks damages. *Id.* Liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs for forcing Plaintiff to take wrong medication despite his informing her that he did not recognize it. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendments proscription against cruel and unusual punishment).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    This matter is proceeding on the deliberate indifference claim against

2

1   Defendant Rhoda Binuluan.

2       2.      Defendant **Nurse Rhoda Binuluan** shall be served at the CDCR.

3       3.      Service on the listed defendant(s) shall proceed under the California

4   Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights

5   cases from prisoners in CDCR custody.  In accordance with the program, the clerk is

6   directed to serve on CDCR via email the following documents: the operative complaint

7   and any attachments thereto, Dkt. No. 5, the Court's initial screening order, Dkt. No. 10,

8   this order of service, and a CDCR Report of E-Service Waiver form.  The clerk also shall

9   serve a copy of this order on the plaintiff.

10      4.      No later than 40 days after service of this order via email on CDCR, CDCR

11  shall provide the court a completed CDCR Report of E-Service Waiver advising the court

12  which defendant(s) listed in this order will be waiving service of process without the need

13  for service by the United States Marshal Service (USMS) and which defendant(s) decline

14  to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

15  Report of E-Service Waiver to the California Attorney General's Office which, within 21

16  days, shall file with the court a waiver of service of process for the defendant(s) who are

17  waiving service.

18      5.      Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall

19  prepare for each defendant who has not waived service according to the CDCR Report of

20  E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed

21  USM-205 forms and copies of this order, the summons and the operative complaint for

22  service upon each defendant who has not waived service.  The clerk also shall provide to

23  the USMS a copy of the CDCR Report of E-Service Waiver.

24      6.      No later than **ninety-one (91) days** from the date this order is filed,

25  Defendants shall file a motion for summary judgment or other dispositive motion with

26  respect to the claims in the complaint found to be cognizable above.

27          a.      Any motion for summary judgment shall be supported by adequate

28                                              3

1   factual documentation and shall conform in all respects to Rule 56 of the Federal

2   Rules of Civil Procedure.  Defendants are advised that summary judgment cannot

3   be granted, nor qualified immunity found, if material facts are in dispute.  If any

4   Defendant is of the opinion that this case cannot be resolved by summary judgment,

5   he shall so inform the Court prior to the date the summary judgment motion is due.

6           b.      **In the event Defendants file a motion for summary judgment, the**

7   **Ninth Circuit has held that Plaintiff must be concurrently provided the**

8   **appropriate warnings under _Rand v. Rowland_, 154 F.3d 952, 963 (9th Cir.**

9   **1998) (en banc).  _See Woods v. Carey_, 684 F.3d 934, 940 (9th Cir. 2012).**

10          7.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

11  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

12  motion is filed.

13          8.      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil

14  Procedure and _Celotex Corp. v. Catrett_, 477 U.S. 317 (1986) (holding party opposing

15  summary judgment must come forward with evidence showing triable issues of material

16  fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an

17  opposition to Defendants' motion for summary judgment may be deemed to be a consent

18  by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

19  without a trial. _See Ghazali v. Moran_, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam);

20  _Brydges v. Lewis_, 18 F.3d 651, 653 (9th Cir. 1994).

21          9.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

22  Plaintiff's opposition is filed.

23          10.     The motion shall be deemed submitted as of the date the reply brief is due.

24  No hearing will be held on the motion unless the Court so orders at a later date.

25          11.     All communications by the Plaintiff with the Court must be served on

26  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

27  copy of the document to Defendants or Defendants' counsel.

28                                            4

_United States District Court_
_Northern District of California_

United States District Court
Northern District of California

12.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**  November 20, 2025

BETH LABSON FREEMAN
United States District Judge